IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MISTY A. GAYLES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.

_____

Civ. No. 3:13-cv-01921-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Misty Gayles brings this action for judicial review of the Commissioner's decision denying plaintiff's application for Supplemental Security Income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff seeks benefits as of August 25, 2010. The administrative law judge (ALJ) determined plaintiff was not disabled because plaintiff could make an adjustment to other work that exists in significant numbers in the national economy. TR 25.[1] Plaintiff argues the ALJ erred by: (1) improperly rejecting or failing to account for all material limitations found by examining

---

[1] "TR" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

psychologist, Dr. McKenna; and (2) improperly rejecting material limitations found by examining psychologist, Dr. Spendal. For the reasons stated below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner," and therefore must affirm. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The burden of proving the claimant's disability rests upon the claimant until the fifth and final step of the analysis, at which point the burden shifts to the Commissioner to prove the claimant is capable of making an adjustment to work other than what she has done before. 20 C.F.R. § 404.1520.

2 – OPINION AND ORDER

The ALJ found plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with nonexertional limitations due to her borderline intellectual functioning. TR 21. Based on the testimony of the vocational expert, the ALJ determined plaintiff was capable of working as a kitchen helper, airplane cleaner, car lot attendant, and flagger. TR 24. Accordingly, the ALJ found plaintiff did not qualify as disabled under the Social Security Act. TR 25.

Because the ALJ's findings are based on proper legal standards and supported by substantial evidence in the record, the ALJ's decision is affirmed.

### 1. Material limitations found by examining psychologist, Dr. McKenna.

Plaintiff alleges that in calculating her RFC, the ALJ failed to account for certain probative limitations in Dr. McKenna's testimony. The ALJ need not discuss all evidence presented, but rather only significant probative evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The plaintiff highlights Dr. McKenna's testimony about her need for assistance in finding jobs, completing job applications, career counseling, training in job search skills, and job application assistance. TR 211, 218. The RFC, however, is defined as "the maximum degree to which the individual retains the capacity for sustained *performance* of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c) (emphasis added). The RFC calculation does not incorporate how one secures work. As a result, Dr. McKenna's testimony about the plaintiff's limitations in acquiring a job is neither significant nor probative evidence as it relates to plaintiff's RFC. The ALJ need not account for the plaintiff's limitations in applying for work or explain why they were excluded from the RFC.

Similarly, the vocational expert does not consider how the plaintiff would find work. "[T]he whole purpose of vocational expert testimony . . . is to assess whether jobs exist for a

3 – OPINION AND ORDER

person with the claimant's precise disabilities." *Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980). The vocational expert specializes in job performance requirements, not job application requirements. In this case, the ALJ properly advised the vocational expert of the plaintiff's disabilities, and the vocational expert testified that the plaintiff could perform the work of a kitchen helper, airplane cleaner, car lot attendant, and flagger. TR 54-55.

The remaining limitations plaintiff identifies from Dr. McKenna's testimony are plaintiff's need for repetitive work that uses overlearned or daily living skills and her need for a calculator or cash register for work that involves the handling of money. Pl.'s Br. 7 (citing TR 211, 219). As to the first limitation, the record shows the ALJ properly accounted for plaintiff's need for repetitive, routine work. The ALJ made note of the testimony from plaintiff's mother regarding plaintiff's daily activities. TR 23. These activities include "cleaning, cooking, caring for pets, doing laundry, shopping, caring for children, going fishing, and balancing a checkbook." *Id*. The ALJ observed, "The activities of daily living she described are consistent with the residual functioning capacity and are inconsistent with the alleged degree of limitation." *Id*. Plaintiff's own description of her activities of daily living, also noted by the ALJ, matches her mother's testimony. TR 22. The ALJ ultimately concluded, "In light of all the evidence and the factors discussed above, the limitations of the claimant's residual functioning capacity are considered warranted, but no greater or additional limitations are justified." TR 24. As a result, the ALJ instructed the vocational expert,

> [T]his hypothetical claimant would be limited to simple, routine, repetitive work; any instructions on the job should be verbal as opposed to written; and the position should not require proficiency in reading or required reading materials; and no more than occasional public contact.

TR 54. Nothing in the record demonstrates that the ALJ improperly failed to account for the plaintiff's material limitation with regard to performing simple, repetitive tasks.

As to Dr. McKenna's testimony about the plaintiff's need for a calculator or cash register for handling money, the ALJ did not need to discuss the matter because it was neither significant nor probative evidence. The ALJ asked the vocational expert to consider simple, repetitive work with occasional public contact. *Id*. The ALJ instructed the vocational expert to account for plaintiff's limited education. *Id*. The vocational expert did not consider work that involves handling money, so the ALJ did not need to account for the plaintiff's limitation with monetary transactions.

In the event the ALJ erred in failing to advise the vocational expert of the plaintiff's limitation with monetary transactions, any error was harmless. To be harmless, the ALJ's error must be inconsequential to the ultimate non-disability determination. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). However, "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Therefore, in order to prove that the ALJ's error was harmful, the plaintiff must show that the ALJ's error affected the non-disability determination. In this case, the vocational expert testified that the plaintiff could perform the work of a kitchen helper, airplane cleaner, car lot attendant, and flagger. TR 55. The plaintiff must show that if the ALJ had instructed the vocational expert about plaintiff's limitation with handling money, the vocational expert would have found plaintiff unfit to work any of those four jobs. Those four jobs do not involve handling money, so plaintiff cannot meet this burden.

The ALJ properly accounted for the plaintiff's need for simple, repetitive work and instructed the vocational expert accordingly. The ALJ did not need to account for Dr.

5 – OPINION AND ORDER

McKenna's testimony about the remaining limitations because they did not constitute significant nor probative evidence for determining plaintiff's RFC.

### 2. Material limitations found by examining psychologist, Dr. Spendal.

Plaintiff argues the ALJ improperly failed to account for Dr. Spendal's opinion that the plaintiff required a sheltered work environment. As an initial matter, Dr. Spendal did not opine that plaintiff required a sheltered work environment. Dr. Spendal stated, "Misty would be a good candidate for some sort of sheltered work site or experience," and, "She would do best in some form of sheltered or supported work environment[.]" TR 229. The ALJ acknowledged Dr. Spendal's report in his findings and wrote, "She indicated that the claimant should work with Vocational Rehabilitation, which could place the claimant in a sheltered work environment." TR 23. After reviewing the medical and other evidence, however, the ALJ determined there was no evidence the plaintiff would *need* to work in a sheltered work environment. *Id.*

In her reply brief, plaintiff modified her initial position to allege that Dr. Spendal's evaluation amounted to evidence that plaintiff required a sheltered work environment, and the ALJ did not explain otherwise. Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

6 – OPINION AND ORDER

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Although plaintiff insists the ALJ gave insufficient reasons to reject Dr. Spendal's opinion, the record supports the ALJ's decision. The ALJ need not recite "magic words" to reject a doctor's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

To begin his discussion of Step Four, the ALJ stated, "I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" TR 21. The ALJ then noted that the claimant had limited credibility because she "cleans, cooks, shops, goes fishing, cares for pets, does laundry, is raising a stepchild, and has taken care of her neighbor's children." TR 22. The ALJ added, "Since the application date, no provider opined that the claimant is disabled or has more limitations than those determined in this decision." *Id*. The ALJ then reviewed Dr. McKenna's analysis and noted her opinion that the plaintiff could perform simple, routine tasks and manage her own funds. TR 23. The ALJ gave Dr. McKenna's report significant weight because it was consistent with the narrative report and was based on objective measures of cognitive functioning. *Id*. The ALJ then addressed Dr. Spendal's report, but, having just covered plaintiff's previous capabilities and limitations, gave the report only some weight because there was no evidence that plaintiff would need to work in a sheltered work environment. *Id*.

At this point plaintiff challenges the ALJ's opinion on the grounds that he did not explain his conclusion that plaintiff did not need to work in a sheltered environment. The ALJ can adequately reject opinion evidence "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. Based on the evidence the ALJ recounted immediately before he

7 – OPINION AND ORDER

concluded the plaintiff did not need a sheltered work environment, this court can draw specific and legitimate inferences from the ALJ's opinion. The ALJ stated that he had reviewed all the plaintiff's symptoms that were consistent with the medical evidence and other evidence. TR 21. He credited Dr. McKenna's opinion about the plaintiff's limitations. TR. 23. He made note of the activities the plaintiff performs on a daily basis. *Id*. Then, having just reviewed the above evidence, he rejected the proposition that the plaintiff would need a sheltered environment. *Id*. As the Ninth Circuit held in *Magallanes*, the ALJ need not explicitly state that because of the factors he had just mentioned, he found no evidence the plaintiff needs a sheltered work environment. The ALJ provided specific and legitimate reasons, supported by substantial evidence, in assessing only some weight to Dr. Spendal's report and rejecting the premise that plaintiff required a sheltered work environment.

## CONCLUSION

The ALJ's determination that plaintiff could perform past work is supported by the record and free of legal error. The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2015.

　　　/s/ Michael McShane　　　
Michael McShane
United States District Judge

8 – OPINION AND ORDER